IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GREG CUTLIP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION No. _____ |
| v. | § | |
| | § | |
| GRAEBEL MOVERS, INC., | § | |
| | § | |
| Defendant. | § | **JURY TRIAL REQUESTED** |

## DEFENDANT'S NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Defendant Graebel Movers, Inc. ("Graebel") file this Notice of Removal pursuant to 28 U.S.C. § 1446.

## INTRODUCTION

1. Pursuant to 28 U.S.C. § 1331, 28 U.S.C. §§ 1332 (a), (c), 28 U.S.C. §§ 1441(a), (b), 29 U.S.C. Chapter 18, 28 U.S.C. § 1132, and in compliance with 28 U.S.C.§ 1446, Graebel timely removes this civil state court action brought by Plaintiff Greg Cutlip to the United States District Court for the Southern District of Texas, Houston Division. The civil action is pending in Montgomery County state district court as Cause No. 16-01-00836; *Greg Cutlip v. Graebel Movers, Inc., a Wisconsin corporation*; in the 410th Judicial District Court of Montgomery County, Texas (the "State Court Action").

2. Removal to the United States District Court for the Southern District of Texas, Houston Division, is proper because:

   (i) The District Court of the United States has original subject matter jurisdiction (federal question) of all civil actions arising under the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331. Specifically, the District Court of the United States has jurisdiction over

     claims brought under the Employee Retirement Income Security Act of 1974, 29 U.S.C. Chapter 18, under 29 U.S.C. § 1132(e);

  (ii) The District Court of the United States has original subject matter jurisdiction (diversity jurisdiction) of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States, under 28 U.S.C. § 1332(a);

  (iii) The United States District Court for the Southern District of Texas, Houston Division, is the District Court of the United States for the District and Division embracing the place where the State Court Action was filed.

## STATEMENT OF GROUNDS FOR REMOVAL

**A. Removal is timely.**

3. Notice of removal must be filed within 30 days after receipt of the initial pleading setting forth the claim for relief upon which removal is based. 28 U.S.C. § 1446 (b)(1). Here, Graebel first received the citation and petition in this matter on February 9, 2016. This Notice is filed before March 10, 2016, the deadline for removal, and thus is timely.

**B. The District Court has original federal jurisdiction over the claims at issue.**

4. Any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). The district courts of the United States have original jurisdiction of civil actions under the Employee Retirement Income Security Act of 1974 ("ERISA") § 502(e); 29 U.S.C. § 1332 (e).

5. The Retention Bonus Plan at issue in this case is an "employee benefit plan" within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(3), subject to ERISA by virtue of ERISA § 4(a), 29 U.S.C. § 1003(a). Because the Retention Bonus Plan constitutes an ERISA plan, all of Plaintiff's state law claims are preempted. ERISA § 514, 29 U.S.C. § 1144; see also *Hogan v.*

*Kraft Foods,* 969 F.2d 142, 144 (5th Cir. 1992). The United States Supreme Court has held that state law claims seeking relief within the scope of ERISA § 502(a)(1)(B) must be re-characterized as arising under federal law, and, as so re-characterized, are removable to federal court. *Metropolitan Life Insurance Co. v. Taylor,* 481 U.S. 58, 60, 66–67 (1987); *see also Ramirez v. Inter–Continental Hotels,* 890 F.2d 760, 762 (5th Cir. 1989). Removal is appropriate in this instance because Plaintiff's Petition alleges claims that relate to an ERISA plan and seek the same relief that is available under Section 502 of ERISA (i.e. recovery of benefits due under an employee benefits plan).

**C.    The District Court has original diversity jurisdiction over the claims at issue.**

6.    The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a). A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. *Id.* at § 1332(c)(1). Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a).

7.    Here, Plaintiff is an individual residing in the State of Texas. Pet. at ¶ 5. Defendant, Graebel, is a business incorporated in Wisconsin. Exhibit "1" – Articles of Incorporation. Graebel's principal place of business is in Aurora, Colorado. Thus, the State Court Action is a civil action between citizens of different States and no defendant resides in this District.

8. Plaintiff has pled for actual damages of "at least $200,000." Pet. at ¶ 35 (4). The matter in controversy thus exceeds the sum of $75,000.

9. As the litigation involves two parties who are citizens of different States and the Original Petition pleads that the matter in controversy exceeds $75,000, the District Court has original diversity jurisdiction and removal is proper.

## ATTACHMENTS

10. Pursuant to 28 U.S.C. § 1446 (a) and Local Rule LR81, Graebel attaches copies of the following:

   (1) All executed process in the case;

   (2) Pleadings asserting causes of action and answers, if any;

   (3) The docket sheet;

   (4) An index of matters being filed;

   (5) A list of all counsel of record, including addresses, telephone numbers, and parties represented; and

   (6) Notice of Removal to the state court.

## PENDING MOTIONS

11. There are no pending motions in the State Court Action.

## NOTICE TO ADVERSE PARTIES/ FILING WITH CLERK OF STATE COURT

12. Pursuant to 28 U.S.C. § 1446 (d) and promptly after the filing of this Notice of Removal, the Defendants are giving written notice of removal to all adverse parties, and filing a copy of this Notice of Removal with the clerk of the 410th Judicial District Court of Montgomery County, Texas – the Court in which the State Court Action was filed.

## CONCLUSION

13. As the District Court has federal question subject matter jurisdiction under ERISA and diversity jurisdiction, Graebel Movers, Inc. removes the State Court Action to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

BY: /s/ Bradley L. DeLuca
BRADLEY L. DELUCA
Texas State Bar No. 05653800
bdeluca@jdkglaw.com

OF COUNSEL:

**JOHNSON DELUCA KURISKY & GOULD, P.C.**

ELISE MILLER
Texas State Bar No. 24079003
emiller@jdkglaw.com
4 Houston Center
1221 Lamar, Suite 1000
Houston, Texas 77010
(713) 652-2525 - Telephone
(713) 652-5130 - Telecopy

ATTORNEYS FOR DEFENDANT GRAEBEL MOVERS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been delivered, as indicated below, to all known counsel of record on this 24th day of February, 2016:

*Via Certified Mail, Return, Receipt, Requested No. 9590 9401 0134 5225 0321 83 and Facsimile 936.788.5701*
Mr. Rick Brass
Brass & McCotter
207 Simonton
Conroe, Texas 77301

                                                  /s/ Bradley L. DeLuca
                                                     Bradley L. DeLuca