# ARTICLES OF RESTATEMENT
# OF
# ARTICLES OF INCORPORATION
# OF
# GRAEBEL MOVERS, INC.

The undersigned, G. Lane Ware, does hereby certify as follows:

1. The name of the corporation is Graebel Movers, Inc.

2. That the following restatement contains amendments to the Articles of Incorporation requiring shareholder approval:

Article 1. Name. The name of the corporation is Graebel Movers, Inc.

Article 2. Registered Office and Registered Agent. The street address of the corporation's registered office located in Wisconsin is Suite 700, 500 Third Street, P.O. Box 8050, Wausau, Wisconsin 54402-8050. The name of the corporation's initial registered agent at this address is G. Lane Ware.

Article 3. Directors. The number of directors shall be specified by or fixed in accordance with the corporation's Bylaws. The Bylaws may provide for staggering the terms of the directors.



Article 4. Stock.

4.1. Number. The aggregate number of shares that the corporation shall have authority to issue is 8,750.

4.2. Designation of Classes. The corporation's authorized shares shall consist of two classes, of which 6,750 shares shall be designated as common stock ("common stock") and 2,000 shares shall be designated as preferred stock ("preferred stock"). Each share of common stock shall have no par value. Each share of preferred stock shall have no par value.

4.3. Common Stock. The corporation's common stock shall be issued for such consideration as may be determined by the Board of Directors and shall have the following preferences, limitations, and relative rights:



EXHIBIT 1

(a) Voting Rights. Except as otherwise provided in Chapter 180, each outstanding share of common stock is entitled to one vote on each matter voted on at a shareholders' meeting.

(b) Dividends. The holders of the common stock shall be entitled to receive such dividends as shall be declared from time to time by the Board of Directors out of any source legally available, except that so long as any preferred stock is outstanding, the holders of the preferred stock shall be entitled to cumulative dividends thereon at the rate provided for such preferred stock in Article 4.4 before any dividend shall be set apart or paid on the common shares.

(c) Dissolution. In the event of any dissolution or winding up of the corporation and after due payment or provision for payment of the corporation's debts and other liabilities and after payment or provision for payment of the holders of the preferred stock to the extent they are so entitled, such properties of the corporation as remain shall be divided among the holders of the common stock of the corporation in accordance with the ratio of the number of shares of common stock held by each such holder to the total number of shares of common stock then outstanding.

4.4. Preferred Stock. The corporation's preferred stock shall be issued for such consideration as may be determined by the Board of Directors and shall have the following preferences, limitations, and relative rights:

(a) Voting Rights.

(1) General. Except as otherwise provided in Chapter 180 and in paragraphs (a)(2) and (3), each outstanding share of preferred stock is not entitled to vote on any matter to be voted on at a shareholders' meeting.

(2) Mergers, etc. The holders of preferred stock shall be entitled to notice of all shareholders' meetings and shall be entitled to one vote per share at any meeting of shareholders (A) with respect to a merger

or share exchange; (B) with respect to any matter described in Article 4.6; (C) with respect to the dissolution of the corporation; (D) during any period in which the corporation shall be in default in the payment of dividends on the preferred stock with respect to the payment of two quarterly dividends (whether or not consecutive), and during the continuance of any default in the payment of such dividends (irrespective of the number of such payments in default); (E) during any period in which the corporation shall be in default pursuant to the terms and conditions of any loan, security or guarantee agreement to which the corporation is a party; (F) as of any date on which the independent auditors of the corporation shall make available certified financial statements with respect to two consecutive fiscal years in which the corporation has failed to achieve the level of pretax profitability as defined and specified by the Board of Directors prior to the beginning of each such fiscal year or as modified by action of the Board of Directors during such fiscal year or years; or (G) with respect to any amendment to these Articles of Incorporation. During any period specified in paragraphs (a)(2)(D), (E) or (F), a meeting of the shareholders may be called upon written request of the holders of 10% of the outstanding preferred stock.

(3) Tolling of Preferred Stock Voting Rights. As of the date on which all dividends in default on the preferred stock shall be paid or any default described in paragraph (a)(2)(E) shall have been cured or waived by the applicable party entitled to enforce such default, and if there are, in either case, then no other events described in paragraph (a)(2) which shall result in the right of the preferred stock to vote, the voting rights of the preferred stock as to matters other than those described in paragraphs (a)(2)(A), (B), (C) and (G) shall toll. As of the date on which independent auditors of the corporation shall make available certified financial statements with respect to two consecutive fiscal years in

which the corporation has achieved the specific level of pretax profitability as defined and specified by the Board of Directors prior to the beginning of each such fiscal year or as modified by action of the Board of Directors during such fiscal year or years, and if there are then no other events described in paragraph (a)(2) which shall result in the right of the preferred stock to vote, the voting rights of the preferred stock as to matters other than those described in paragraphs (a)(2)(A), (B), (C) and (G) shall toll. Tolled voting rights shall be reinstated whenever any one or more of the events enumerated in paragraphs (a)(2)(D), (E) or (F) shall occur and such voting rights shall toll whenever the provisions of this paragraph (a)(3) relating to paragraphs (a)(2)(D), (E) or (F), as applicable, are satisfied.

(b) Dividends. The holders of the preferred stock shall be entitled to receive, when and as declared by the Board of Directors out of any source legally available and in preference to any dividends on the common stock, cumulative cash dividends at the rate of $264 per share per annum, payable quarterly on the 10th day of each calendar quarter which begins on or after April 1, 1993.

(c) Dissolution. In the event of any dissolution or winding up of the corporation, the holders of the preferred stock shall be entitled, after due payment or provision for payment of the corporation's debts and other liabilities, to receive, out of the properties remaining, $3,300 per share, together with all dividends thereon accrued or in arrears, whether or not earned or declared, before any payment is made or assets set apart for payment to the holders of the common stock, and shall be entitled to no further payments or distributions. If the properties remaining after payment of the corporate debts and other liabilities are insufficient to pay the full amount as provided herein, such properties as remain shall be divided among the holders of the preferred stock in accordance with the ratio of the number of shares of preferred stock held by each such holder to the total number of shares of preferred stock then issued and outstanding.

(d) Redemption Rights. The corporation may, at any time and from time to time, at the Board of Directors' option, redeem the whole or any part of the outstanding preferred stock on any dividend payment date by paying $3,300 for each share of preferred stock upon not less than 60 days' notice by mail to the holders of record of the preferred stock specifying a date and terms for the payment of such redemption price, but only if payment of all accrued dividends, whether or not earned or declared, on the preferred stock have first been made and no such dividend is in default as of the date of payment of such redemption price. If less than all the shares of preferred stock are to be redeemed, the number of shares to be redeemed shall be redeemed from among all holders of outstanding shares of preferred stock in accordance with the ratio of the number of shares of preferred stock held by each such holder to the total number of shares of preferred stock then outstanding on the date set by the Board of Directors as the record date for purposes of the redemption of preferred stock.

(e) Preemptive Rights. The corporation elects that the holders of outstanding shares of preferred stock shall have preemptive rights with respect to the issuance of preferred stock.

(f) Conversion By Shareholder. Any holder of the corporation's preferred stock, at his option and at any time and from time to time, may convert all or any of the shares thereof into fully paid and nonassessable, except as may be otherwise provided by Chapter 180, common stock of the corporation by surrender to the corporation of the certificate or certificates representing the preferred stock to be so converted. Upon such surrender he shall be entitled to receive in lieu thereof one or more certificates of common stock, at the rate of 2.875 shares of common stock for each share of preferred stock surrendered for conversion. If at any time after the date of issuance of the preferred stock, the corporation issues additional shares of common stock as a stock dividend, or subdivides or combines the outstanding shares of common stock, then the rate of conversion shall be proportionately adjusted. All certificates for preferred stock so surrendered for conversion shall be canceled and retired and shall not be reissued, and no

preferred stock shall be issued in lieu thereof or in exchange therefor and the authorized amount of preferred stock shall be deemed to be reduced to the extent of the shares so surrendered. So long as any of the preferred stock is outstanding, there shall be reserved unissued, out of the number of shares of common stock which the corporation is authorized to issue, sufficient shares thereof to satisfy the full conversion requirements of the preferred stock and the corporation shall not issue such reserved common stock. The corporation shall not be required to issue any fractional shares of its common stock in connection with any conversion of preferred stock, but shall, in lieu thereof, pay cash equal to the corresponding fraction of the then market value of an integral share of common stock.

(g) Conversion By Corporation. The corporation may, at any time, at the Board of Directors' option, convert all of the preferred shares into fully paid and nonassessable, except as may be otherwise provided by Chapter 180, common stock of the corporation by requiring the holder of preferred shares to surrender to the corporation the certificate or certificates representing the preferred stock to be so converted. Upon such surrender he shall be entitled to receive in lieu thereof one or more certificates of common stock, at the rate of 2.875 shares of common stock for each share of preferred stock surrendered for conversion. If at any time after the date of issuance of the preferred stock, the corporation issues additional shares of common stock as a stock dividend, or subdivides or combines the outstanding shares of common stock, then the rate of conversion shall be proportionately adjusted. All certificates for preferred stock so surrendered for conversion shall be canceled and retired and shall not be reissued, and no preferred stock shall be issued in lieu thereof or in exchange therefor and the authorized amount of preferred stock shall be deemed to be reduced to the extent of the shares so surrendered. So long as any of the preferred stock is outstanding, there shall be reserved unissued, out of the number of shares of common stock which the corporation is authorized to issue, sufficient shares thereof to satisfy the full conversion requirements of the preferred stock and the corporation shall not issue such

reserved common stock. The corporation shall not be required to issue any fractional shares of its common stock in connection with any conversion of preferred stock, but shall, in lieu thereof, pay cash equal to the corresponding fraction of the then market value of an integral share of common stock.

4.5 Required Vote. Approval of any matter described in Article 4.4(a)(2)(A), (B), (C), and (G) and any other matter on which the preferred stock shall be entitled to vote, including, but not limited to, all matters voted on at a shareholders' meeting during each period described in Article 4.4(a)(2)(D), (E) or (F), shall require the approval of a majority of the preferred stock and the common stock, issued and outstanding, voting as a single voting group.

4.6 Actions Not in Usual and Regular Course of Business. No sale, lease, exchange or other disposition of the corporation's property which is not in the usual and regular course of business and no mortgage, pledge or dedication to the repayment of indebtedness, whether with or without recourse, or any other encumbrance of any or all of the corporation's property which is not in the usual and regular course of business shall be permitted without the approval of a majority of the preferred stock and the common stock, issued and outstanding, voting as a single voting group.

Article 5. Code of Bylaws. The corporation's Board of Directors shall have the power, without the shareholders' assent or vote, to create, amend or repeal the corporation's Code of Bylaws, or any Bylaw thereof, to the extent such creation, amendment or repeal is not inconsistent with these Articles of Incorporation; provided, however, that no Bylaw adopted by the shareholders shall be amended or repealed by the Board of Directors if the Bylaw so adopted so provides.

Article 6. Transfer Restrictions.

(a) The transferability of any of the common stock of the corporation may be restricted from time to time by the shareholders by appropriate provisions in the Bylaws, or by agreement or agreements entered into by any shareholder or shareholders with the corporation and/or with any other shareholder or shareholders and/or any other third persons and the shares of the stock of such shareholder or shareholders shall thereupon be subjected to such Bylaws, agreement or

agreements, and shall be transferable only upon proof of compliance therewith; provided, however, that such Bylaw, agreement or agreements shall be filed with the corporation and reference thereto placed on the certificate or certificates of stock.

(b) If a written agreement is entered into between the corporation and all of its shareholders imposing limitations on the transfer of the corporation's shares or otherwise providing for the purchase and/or sale of the corporation's shares upon the happening of certain events and/or contingencies, then any attempt to transfer the corporation's shares in violation of the agreement shall be ineffective in all respects ab initio. If the agreement so provides, all persons who subsequently acquire shares of the corporation shall be bound by the agreement's terms as if they were signatories to the agreement.

Article 7. Amendment to Articles of Incorporation. These Articles of Incorporation shall be amended, altered, changed or repealed only upon the approval of a majority of the preferred stock and the common stock, issued and outstanding, voting as a single voting group.

Article 8. Replacement of Existing Articles of Incorporation. These articles shall supersede and take the place of the heretofore existing Articles of Incorporation and all amendments thereto.

3. The foregoing restatement was proposed on December 11, 1992 by the Board of Directors and adopted on December 11, 1992 by the shareholders, pursuant to Section 180.1003, Wisconsin Statutes.

4. As of the date hereof, there are 5,794 shares of the Class A Common Stock issued and outstanding and no shares of the Class B Common Stock issued and outstanding. The reclassification of the shares as described herein will provide that the 5,794 shares of Class A Common Stock will be surrendered to the corporation and cancelled and, in place thereof, 2,000 shares of

the common stock and 1,000 shares of the preferred stock will be issued.

IN WITNESS WHEREOF, I have hereunto set my hand and seal to be affixed hereto, this 17th day of December, 1992.

G. Lane Ware, Senior Vice President

STATE OF WISCONSIN
FILED
DEC 1 8 1992
DOUGLAS LA FOLLETTE
SECRETARY OF STATE

Drafted By:

G. Lane Ware, Esq.
Ruder, Ware & Michler, S.C.
P.O. Box 8050
Wausau, WI 54402-8050

Return To:

Anita A. Seering
Paralegal Manager
Ruder, Ware & Michler, S.C.
P.O. Box 8050
Wausau, WI 54402-8050

Form 14—Sec. State

THIS MUST BE RECORDED WITH THE REGISTER OF DEEDS

# United States of America

State of Wisconsin — Department of State

1185714

REGISTER'S OFFICE
WAUKESHA COUNTY, WIS. } SS
RECORDED ON

1982 JUN 30 AM 9:18
498 636

REGISTER OF DEEDS

**To All to Whom These Presents Shall Come, Greeting:**

The undersigned, as Secretary of State of the State of Wisconsin, certifies that

Articles of Incorporation

1185714

of

GRAEBEL MOVERS, INC.

REEL 498 IMAGE 636

of which the attached is a duplicate, was on the date hereof, accepted and filed in my office.

*In Testimony Whereof, I have hereunto set my hand and affixed my official seal at the Capitol, in the city of Madison, this* 21st *day of* February, *A.D., 196*6

REC'D FOR RECORD
FEB 24 1966
9:40 A.M.
ROBERT G. GERNETZKY
Register of Deeds

ROBERT C. ZIMMERMAN
*Secretary of State*

8.00

VOL 19 PAGE 45

569039

ARTICLES OF INCORPORATION
of
GRAEBEL MOVERS, INC.

REEL 498 IMAGE 637

I, the undersigned natural person of the age of twenty-one (21) years or more, acting as Incorporator of a Corporation under the Wisconsin Business Corporation Law (Chapter 180 of the Wisconsin Statutes) adopt the following Articles of Incorporation for such Corporation:

FIRST: The name of the Corporation is Graebel Movers, Inc.

SECOND: The period of its existence is perpetual.

THIRD: The purpose or purposes for which the Corporation is organized shall be to engage in any lawful activity within the purposes for which corporations may be organized under the Wisconsin Business Corporation Law, Chapter 180 of the Wisconsin Statutes.

FOURTH: The number of shares which it shall have authority to issue, itemized by classes, par value of shares, shares without par value, and series, if any, within a class, are:

| Class | Series (If any) | Number of shares | Par Value per Share |
|---|---|---|---|
| Class A Common Stock | ---- | 15,000 | No par value |
| Class B Common Stock | ---- | 10,000 | No par value |

There shall be no difference in the preferences, limitations, designations and relative rights of each Class except that the Class B Common Stock shall have no voting rights.

FIFTH: The corporation will not commence business until at least Five hundred dollars ($500.00) has been received by it as consideration for the issuance of shares.

SIXTH: The address of the initial registered office of the Corporation is 825 South Eighth Avenue, Wausau, Wisconsin, and the name of the initial registered agent at such address is David W. Graebel.

SEVENTH: The number of Directors constituting the initial Board of Directors shall be three (3), and thereafter the number of Directors shall be

such number but not less than three (3) as is fixed from time to time by the By-Laws.

EIGHTH: The name and address of the Incorporator is David W. Graebel, 401 Eau Claire Boulevard, Wausau, Wisconsin.



Dated and executed at Wausau, Wisconsin this 11th day of February, 1966.

David W. Graebel, Incorporator

STATE OF WISCONSIN)
) s.
COUNTY OF MARATHON)

Personally came before me this 11th day of February, 1966, the above named David W. Graebel to me known to be the person who executed the foregoing instrument and acknowledged the same.

R. C. Trembath
Notary Public, Marathon County, Wis.
My commission is permanent.

STATE OF WISCONSIN SS
DEPARTMENT OF STATE
FILED
FEB 21 1966
ROBERT C. ZIMMERMAN
SECRETARY OF STATE